John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Yun (Louise) Lu, Bar No. 253114
LLu@perkinscoie.com
Kyle R. Canavera, Bar No. 314664
KCanavera@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone:  858.720.5700
Facsimile:  858.720.5799

Attorneys for Plaintiffs
TCT MOBILE (US) INC. AND HUIZHOU TCL
MOBILE COMMUNICATION CO. LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCT MOBILE (US) INC. AND HUIZHOU TCL MOBILE COMMUNICATION CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ANCORA TECHNOLOGIES, INC., <br><br> Defendant. | Case No.: 8:13-cv-2192 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs TCT Mobile (US) Inc. ("TCT US") and Huizhou TCL Mobile Communication Co. Ltd. ("Huizhou TCL") (collectively "TCL") hereby bring this Complaint for Declaratory Judgment against Defendant Ancora Technologies, Inc. ("Ancora"), and states as follows:

## NATURE OF THE CASE

1. TCL seeks a declaratory judgment that TCL does not infringe U.S. Patent No. 6,411,941 (the "'941 Patent"). A true and correct copy of the '941 Patent is attached as Exhibit A.

2. This relief is necessary because Ancora filed a lawsuit alleging that TCL products are used in infringement of the '941 Patent in a case captioned *Ancora Technologies, Inc. v. TCL Corp.*, No. 4:19-cv-00624 (E.D. Tex.) (Amended Complaint filed Sept. 12, 2019) (the "Texas Lawsuit"). A true and correct copy of the Amended Complaint from the Texas Lawsuit is attached as Exhibit B. Ancora accuses the following entities of infringement in the Texas Lawsuit: TCL Corp.; TCL Communication Ltd.; TCL Communication Technology Holdings Ltd.; TCT Mobile International Ltd.; TCT Mobile, Inc.; TCT Mobile (US) Inc.; and TCT Mobile (US) Holdings Inc. Most of the defendants in the Texas Lawsuit are not involved with the manufacture, use, sale, or offer for sale of the accused TCL products in the United States or importation of the accused TCL products into the United States.

3. The TCL products accused in the Texas Lawsuit are manufactured by Huizhou TCL. Huizhou TCL is not a defendant in the Texas Lawsuit.

4. The TCL products accused in the Texas Lawsuit are imported into the United States by TCT US. While TCT US is a defendant in the Texas Lawsuit, venue there is improper under the statute governing venue in actions for patent infringement, 28 U.S.C. § 1400(b).

5. TCL does not infringe the '941 Patent. Therefore, a substantial, continuing, and justiciable controversy exists between TCL and Ancora.

## THE PARTIES

6. Huizhou TCL is a company organized and existing under the laws of China with its principal place of business at No. 86 Hechang Qi Lu Xi, Zhongkai Gaoxin District, Huizhou City, Guandong Province, P.R. China.

7. TCT US is a corporation organized and existing under the laws of Delaware with its principal place of business at 25 Edelman, Suite 200, Irvine, California, 92618.

8. On information and belief, Ancora Technologies, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 23977 S.E. 10th Street, Sammamish, Washington 98075. Ancora may be served via its registered agent, Harvard Business Services, Inc., 16192 Coastal Hwy., Lewes, DE 19958.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act.

10. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b), because a substantial part of the events at issue in this action is whether TCT US commits acts of infringement in the United States, and TCT US has its principal place of business in this district.

11. This Court has personal jurisdiction over Ancora at least because: Ancora has waived any challenge to personal jurisdiction by bringing lawsuits in this Court asserting the '941 Patent against other parties, *see Ancora Techs., Inc. v. Apple, Inc.*, No. 2:10-cv-10045 (C.D. Cal.) (complaint filed Dec. 29, 2010), *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 8:08-cv-00626 (C.D. Cal.) (complaint filed June 6, 2008); and Ancora served process on TCT US and other

defendants in California pursuit to the Texas Lawsuit, *see Ancora Techs., Inc. v. TCL Corp.*, No. 4:19-cv-00624 (E.D. Tex.), Dkt. Nos. 18–20.

12. An actual controversy exists between TCL and Ancora due to Ancora's assertion of the '941 Patent against TCL in the Texas Lawsuit.

## FACTUAL BACKGROUND

13. In the Texas Lawsuit, Ancora alleges that the following TCL products are used in infringement of the '941 Patent:  Alcatel 3c/33x/3v/3L; Alcatel 1c/1x/1/1t7/1T10; Alcatel A3/A3XL/A7XL/A7/A2XL/A3A; Alcatel A5; Alcatel IDOL 4/4S/5; Alcatel POP 4/4S/4PLUS; Alcatel PIXI 4(4)/4(5)/4(6); Blackberry KeyONE; and Blackberry Key2 ("Accused Products").

14. All of the Accused Products are manufactured only by Huizhou TCL. As indicated in TCL's most recent publicly available annual report, a true and correct copy of which is attached as Exhibit C, Huizhou TCL is the only TCL entity whose principal activities include manufacturing.  *See* Exhibit C at p. 11.

15. In the Texas Lawsuit, Ancora accuses TCT US, *inter alia*, of infringing the '941 Patent by making, using, selling, and/or offering to sell in the United States or importing into the United States the Accused Products.  But venue is improper as to TCT US in the Texas Lawsuit, because TCT US neither resides in nor has a regular and established place of business in the Eastern District of Texas. *See* 28 U.S.C. § 1400(b).  TCT US does reside in the Central District of California, and this District would have been a proper venue for Ancora's lawsuit.

16. TCL contends that it has the right to make, use, sell, and/or offer to sell in the United States and import into the United States the Accused Products.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

17. TCL incorporates paragraphs 1 through 16 of this Complaint as if set forth fully herein.

18. On information and belief, Ancora is the alleged owner of the '941 Patent with all applicable rights to license and assert the '941 Patent. *See* Exhibit B at ¶ 25.

19. As described previously, Ancora alleges that the Accused Products are used in infringement of the '941 Patent, including asserting that TCT US infringes the '941 Patent.

20. However, TCL, through its making, using, selling, offering to sell, and/or importing of the Accused Products, does not infringe and has not infringed any claim of the '941 Patent.

21. Therefore, there is an actual, substantial, continuing, and justiciable controversy between TCL and Ancora regarding whether TCL infringes the '941 Patent.

22. Accordingly, TCL is entitled to a declaratory judgment that TCL does not infringe, directly or indirectly, any claim of the '941 Patent.

## PRAYER FOR RELIEF

WHEREFORE, TCL respectfully prays for entry of judgment in its favor and against Ancora as follows:

A. For judgment that TCL has not infringed and does not infringe any claim of the '941 Patent;

B. For a preliminary and permanent injunction precluding Ancora, its officers, directors, employees, agents, and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '941 Patent against TCL;

C. For costs and reasonable attorneys' fees incurred in connection with this and related actions;

D. For a finding that this case is exceptional; and

E. For such other and further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TCL hereby demands a jury trial on all issues so triable.

DATED: November 12, 2019

**PERKINS COIE LLP**

By: */s/ John P. Schnurer*
John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Yun (Louise) Lu, Bar No. 253114
LLu@perkinscoie.com
Kyle R. Canavera, Bar No. 314664
KCanavera@perkinscoie.com

Attorneys for Plaintiffs
TCT MOBILE (US) INC. AND
HUIZHOU TCL MOBILE
COMMUNICATION CO. LTD.