**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC.<br><br>        Plaintiff,<br><br>v.<br><br>TCT MOBILE (US) INC., HUIZHOU TCL MOBILE COMMUNICATION CO., LTD., and SHENZHEN TCL CREATIVE CLOUD TECHNOLOGY CO., LTD.,<br><br>        Defendants. | **Case No. 8:19-cv-02192-GW(ASx) (LEAD CASE)**<br><br>Consolidated Case No.:<br>Case No. 2:20-cv-01252-GW(ASx)<br><br>[Hon. George H. Wu]<br>[Hon. Alka Sagar]<br><br>**PROTECTIVE ORDER** |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1     Action:   Case   No.   8:19-cv-02192-GW-ASx   (LEAD   CASE); Consolidated Case No.: 2:20-cv-01252-GW-ASx.

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3a   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3b   "CONFIDENTIAL OUTSIDE COUNSEL ONLY" Information or Items (hereinafter "COCO"): information (regardless of how it is generated, stored or maintained) or tangible things that are extremely sensitive and disclosure to persons other than the parties' respective Outside Counsel of Record would create a substantial risk of injury, business loss or competitive disadvantage, including without limitation, trade secrets, sensitive financial information, and/or other proprietary information.

2.3c   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items (hereinafter "HCSC"): documents or information containing or substantively relating to confidential, proprietary and/or trade secret source code or technical design documentation.  See Section 11 of this Protective Order.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "COCO" or "HCSC."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with or assisting a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Outside General Counsel: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, including support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "COCO" or "HCSC."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Nothing in this Order shall bar or otherwise restrict Outside Counsel of Record for a party from rendering advice to his client with respect to this Action and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "COCO" or "HCSC," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be

the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" (hereinafter "COCO legend") or "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "HCSC legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or the "COCO legend" or the "HCSC legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, that the Designating Party identify the protected testimony on the record before the close of the deposition, or within 21 days after receipt of the final transcript of the deposition.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "COCO" or "HCSC." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. See http://www.cacd.uscourts.gov/honorable-alka-sagar6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the

confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b)    the Receiving Party's Outside General Counsel in this Action, as well as employees of said Outside General Counsel to who it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of "COCO" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "COCO" only to those individuals identified in paragraphs 7.2(a)-(b), and (d)-(j) above.

7.4 <u>Disclosure of "HCSC" Information or Items</u>.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to those individuals identified in paragraphs 7.2(a), (d)-(f), and (h) above. A Receiving Party may additionally disclose any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE" to those individuals identified in paragraph (i) above, but only to the extent that the witness has knowledge regarding the source code at issue or is a witness designated by the Designating Party under <u>Federal Rule of Civil Procedure 30(b)(6)</u> to testify on its behalf. Further, the Receiving Party must comply with all provisions for disclosing source code as set forth in Section 11 of this Protective Order. In addition, a party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated "COCO" or "HCSC" must first make a written request to the designator that (1) sets forth the full name of the expert and the city and state of his or her primary residence, (2) attaches a copy of the expert's current resume, including identification of any person or entity from which the expert has received substantial compensation in the last five years, (3) identifies the expert's current employer(s), (4) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past four years. If the expert believes any of this information at (2) - (4) is subject to a confidentiality obligation to a third party, then the expert

should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

7.5    Written Objections from Designator

A party that makes a request and provides the information specified in paragraph 7.4. may disclose the designated material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.   All challenges to objections from the designator shall proceed according to the informal dispute resolution process set forth in the Court's Procedures and Schedules.   See http://www.cacd.uscourts.gov/honorable-alka-sagar.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "COCO," or "HCSC" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "COCO," or "HCSC" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "COCO," or "HCSC." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     <u>SOURCE CODE</u>

For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," which shall mean documents or information containing or substantively

relating to confidential, proprietary and/or trade secret source code or technical design documentation ("Source Code Material"), the following additional restrictions apply:

11.1   Access to a party's Source Code Material shall be provided only on a "standalone" computer (that is, the computer may not be linked to any network, including a local area network, an intranet or the Internet) ("Source Code Computer") that is password protected and maintained in a secure room ("Source Code Review Room").  The Source Code Computer shall be located at the offices of outside counsel for the Producing Party.  For TCL:  Perkins Coie LLP, 11452 El Camino Real, Suite 300, San Diego, CA 92130-2080.   No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room;

11.2   The Source Code Computer will only be available during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not federal holidays).  Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide twenty-one (21) days' notice of the Source Code Material that it wishes to inspect.  The Receiving Party shall provide five (5) days notice prior to any subsequent inspections;

11.3   The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer.   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code Material review, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way;

11.4   The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above and will, upon request from the Receiving Party, install freely available software tools on the Source Code Computer for purposes of the review (including but not limited to software to perform searches of the Source Code Material), if such tools exist and are in possession of the Producing Party at the time the first request to review Source Code Material is received;

11.5   The Receiving Party may request that the Producing Party install software on the Source Code Computer to perform searches of the Source Code Material or to review the Source Code Material consistent with all of the protections herein.  The Receiving Party shall timely request that common review software be installed on the computer but must provide the Producing Party with removable electronic media (e.g., a CD, DVD, or flash memory "stick") containing any such software tools not commonly available at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional not commonly available software available for use on the Source Code Computer.  Reasonable and timely requests for the installation of such search software will not be denied.  If the Receiving Party requests installation of review software that requires a paid license, the Receiving Party must obtain that license at its own expense.  The Receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the Producing Party) on the Source Code Computer without first submitting a written request and obtaining the producing party's agreement to the request;

11.6   A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other

court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

11.7  No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, are to be filed or served electronically.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead).  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code Material in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  If a party reasonably believes that it needs to submit a portion of Source Code Material as part of a filing with the Court, the Party shall excerpt the Source Code Material to include only the portions of Source Code Material necessary to that filing;

11.8  The Receiving Party shall be permitted to request printouts of portions of Source Code Material reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to "HCSC" information of the Producing Party, and such other uses to which the parties may agree or that the Court may order.  The Receiving Party shall not request printouts of Source Code Material in order to review the Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the parties acknowledge and

agree that the purpose of the protections herein would be frustrated by printing portions of Source Code Material for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code Material in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer in the Source Code Review Room. Under no circumstance is any portion of the Source Code to be recorded in notes as a way to circumvent the protections of this Protective Order. If any individual inspecting Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room. All such notes shall be marked "HIGHLY CONFIDENTIAL – SOURCE CODE."

11.9   The Receiving Party may request a reasonable number of printouts of Source Code Material and up to one (1) extra photocopy set of the printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving party shall maintain a log of all such printed or photocopied files, including the names of the reviewers and/or recipients of the copies and locations where the paper copies are stored. To request printouts of any such portion of Source Code Material, the Receiving Party shall identify the portions of Source Code Material using the Source Code Computer (e.g., by placing in a folder labeled "To Print"). Upon receiving the identification from the Receiving Party, the Producing Party shall have five (5) business days to provide copies of the printouts of the requested Source Code Material. If the Producing Party

objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection, and the basis for the objection, known to the receiving party within five (5) days of receipt of a request for printed portions of Source Code Material.  If after meeting and conferring, the Producing party and the Receiving party cannot resolve the objection (where such meet and confer need not take place in person), the party resisting production shall seek an order from the Court within five (5) days from the meet and confer and shall bear the burden to show that the requested Source Code Material need not be produced.  Contested source code printouts need not be produced to the Requesting Party until the matter is resolved by the Court.  Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper.  The Producing Party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL – SOURCE CODE" and give each page a unique identification number;

11.10  In considering what is reasonable, the Parties expect that the Receiving Party will not need to request that more than 500 total pages of Source Code Material be printed.  If the Receiving Party requests to have more than 500 total pages of Source Code Material printed, and the Producing Party objects, the Producing Party and the Receiving Party shall meet and confer.  If after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection (where such meet and confer need not take place in person), the Receiving Party shall seek an order from the Court and shall bear the burden to show that the requested Source Code Material should be produced.  The Producing Party cannot rely merely on the fact that more than 500 total pages of Source Code Material has been printed in its opposition. Contested source code printouts need not be produced to the Requesting Party until the matter is resolved by the Court;

11.11   All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition);

11.12   For depositions, outside counsel for the Receiving Party may bring one printed copy of Source Code Material.  If a Receiving Party intends to use Source Code Material to examine a deposition witness, the Receiving Party must notify the Producing Party of that intention no later than five (5) business days prior to the deposition.  At the election of the Producing Party, (i) the receiving party may bring up to two additional printed copies of the portions of Source Code Material the Receiving Party intends to use to examine the deposition witness, or (ii) the Producing Party will provide a source code computer at the deposition containing all source code, in computer searchable format, previously produced by the Producing Party.  Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts, rather, the deposition record will identify the exhibit by its production numbers;

11.13   For court proceedings, outside counsel for the Receiving Party may bring one printed copy of Source Code Material.  If a Receiving Party intends to use source code during a court proceeding, the Receiving Party must notify the Producing Party of that intention no later than three (3) business days prior to the court proceeding.  At the election of the Producing Party, (i) the Receiving Party may bring up to two additional printed copies of the portions of Source Code Material the Receiving Party intends to use at the hearing, or (ii) the Producing Party will provide a source code computer at the court proceeding containing all source code, in computer-searchable format, previously produced by the Producing Party;

11.14   If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure

that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts at all times when it is not in use.  The Receiving Party shall provide access to the printed portions of Source Code Material to no more than a total of five (5) individuals (except insofar as such code appears in any court filing or expert report); and

11.15  A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under § 7.4 above to another person authorized under paragraph § 7.4 above, on paper mailed in a secure container with a tracking number and must require a signature by the recipient.  The recipient must maintain and store the Source Code Material pursuant to Paragraph § 11.14.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a local area network, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, and is at all times subject to the transport restrictions set forth herein.

12.   <u>PROSECUTION BAR</u>

Absent written consent from the designator, any individual representing or associated with the Plaintiff who receives access to "COCO" or "HCSC" information shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patent-in-suit for the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for two (2) years after its conclusion, including any appeals. "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude

counsel from participating in reexamination or inter partes review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of amended claims in any such proceedings.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.2   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine. or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material ("Clawed-Back Materials") it reasonably believes are protected under the attorney-client privilege, work product

doctrine, or other privilege, doctrine, or immunity shall promptly notify the recipient(s) in writing.

13.3   Each Party receiving such notice shall immediately return or destroy such all such Clawed-Back Materials, and all copies thereof, and shall certify that all such Clawed-Back Materials have been returned or destroyed within five (5) days. No use shall be made of Clawed-Back Materials during depositions, through motion practice, at trial, or otherwise. Outside Counsel and their vendors shall not be required to delete Clawed-Back Materials that may reside on their respective firms' electronic back-up systems, but they are precluded from accessing or using such Clawed-Back Materials for any purpose.

13.4   The party sending such notice shall provide a supplemental privilege log identifying such Clawed-Back Materials within fourteen (14) days of its notice. For inadvertently produced information that would not otherwise have to be logged, no supplemental privilege log is required. Any party may move the Court for an Order compelling production of any Clawed-Back Materials pursuant to the discovery provisions of the Scheduling Order. The motion shall not assert as a ground for production the fact of the earlier inadvertent production. The motion shall also not disclose or otherwise use the content of the Clawed-Back Materials (beyond any information appearing on the above-referenced privilege log).

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


*/s/ Marc Lorelli*                                        */s/ Kyle R. Canavera\**

William E. Thomson, Jr. (SBN 47195)      John P. Schnurer, Bar No. 185725
BROOKS KUSHMAN P.C.                       Yun (Louise) Lu, Bar No. 253114
~~601 S. Figueroa Street, Suite 2080~~       Kyle R. Canavera, Bar No. 314664
Los Angeles, California 90017-5780        PERKINS COIE LLP
Phone: (213) 622-3003                     11452 El Camino Real, Suite 300
wthomson@brookskushman.com                San Diego, California 92130-2080
                                          Phone: (858) 720-5700
Marc Lorelli (Admitted *pro hac vice*)      kcanavera@perkinscoie.com
mlorelli@brookskushman.com                llu@perkinscoie.com
John P. Rondini (Admitted *pro hac vice*)   jschnurer@perkinscoie.com
jrondini@brookskushman.com
Mark A. Cantor (Admitted *pro hac vice*)    *Attorneys for Defendants*
mcantor@brookskushman.com                 *TCT Mobile (US) Inc., Huizhou TCL*
John S. LeRoy (Admitted *pro hac vice*)     *Mobile Communication Co., Ltd., and*
jleroy@brookskushman.com                  *Shenzhen TCL Creative Cloud*
BROOKS KUSHMAN P.C.                       *Technology Co., Ltd.*
1000 Town Center, 22nd Floor
Southfield, MI  48075
Phone: (248) 358-4400

*Attorneys for Plaintiff*
*Ancora Technologies, Inc.*
DATED: June 30, 2020                      DATED: June 30, 2020


\* Pursuant to Local Rule 5-4.3.4(a)(2), the filing party attests that TCL's counsel concurs in the content of this stipulation and has authorized its filing with his electronic signature.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  July 1, 2020              _____
                                          / s / Sagar
                                  Honorable Alka Sagar
                                  United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC.<br><br>       Plaintiff,<br><br>v.<br><br>TCT MOBILE (US) INC., HUIZHOU TCL MOBILE COMMUNICATION CO., LTD., and SHENZHEN TCL CREATIVE CLOUD TECHNOLOGY CO., LTD.,<br><br>      Defendants. | **Case No. 8:19-cv-02192-GW-ASx (LEAD CASE)**<br><br>Consolidated Case No.:<br>Case No. 2:20-cv-01252-GW-ASx<br><br>[Hon. George H. Wu] |

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Ancora Technologies, Inc. v. TCT Mobile (US) Inc., et al.*, Case No. 8:19-cv-02192-GW-ASx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____